IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RYAN WAYNE BARON,<br><br>Defendant. | Case No. 3:24-cr-00095-PDW<br><br>**UNITED STATES' NOTICE OF INTENT TO USE EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b) AND 414** |

The United States of America, by Nicholas W. Chase, United States Attorney for the District of North Dakota, and Assistant United States Attorney, Gary L. Delorme, provides this Notice of Intent to Use Evidence Pursuant to Federal Rules of Evidence 404(b) and 414.

The nine Counts of the Indictment (Doc. 2) allege that the defendant, Ryan Baron, committed numerous acts involving the attempted production, receipt, distribution of materials depicting the sexual exploitation of minors and the attempted coercion and enticement of a minor. For the purposes of this notice, the United States offers that the underlying facts include the defendant's use of the internet to find and communicate with female minors in the teenage age range. The defendant would then prompt, encourage and entice the minors to produce sexually explicit images and videos of themselves. The defendant attempted to encourage one minor female to meet with the codefendant for intended purposes of engaging in sexual acts.

The United States, pursuant to Rules 404(b) and 414 of the Federal Rules of Evidence, intends to offer at trial the direct testimony of the following individual:

Prior Victim 1, "Sarah Doe", an adult female, will testify that when she was approximately 15 years old, she met the defendant online, who was then 25-years-of-age. A relationship ensued, one in which the defendant requested and directed Sarah to produce

sexually explicit images/videos to send to him.  During the relationship, the defendant did coerce Sarah into meeting him on several occasions for the purposes of engaging in sexual activity.

## ADMISSION OF RULE 413 EVIDENCE

Federal Rule of Evidence 414 states "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault.  The evidence may be considered on any matter to which it is relevant."  Fed. R. Evid. 414.  This rule defines "child molestation" as "any conduct prohibited by 18 U.S.C. chapter 109A;" "contact between any part of the defendant's body . . . and another person's genitals or anus;" "contact between the defendant's genitals or anus and any part of another person's body," and "an attempt . . . to engage in conduct described [above]."  Id.  "A relevant sexual assault is one committed in a manner similar to the charged offense."  United States v. Oldrock, 867 F.3d 934, 938 (8th Cir. 2017), quoting United States v. Never Misses A Shot, 781 F.3d 1017, 1027 (8th Cir. 2015).  Importantly, "Congress created this rule to encourage the prosecution of sexual offenders."  United States v. Strong, 826 F.3d 1109, 1113 (8th Cir. 2016) *cert. denied*, 581 U.S. 920 (2017) *citing* United States v. Mound, 149 F.3d 799, 801 (8th Cir. 1998).

In United States v. LeCompte, shortly after Congress enacted Rules 413 and 414 of the Federal Rules of Evidence, the Eighth Circuit Court of Appeals analyzed the applicability of these rules. 131 F.3d 767, 769 (8th Cir. 1997).  The Eighth Circuit stated that Rules 413 and 414 are "general rules of admissibility in sexual assault and child molestation cases for evidence that the defendant has committed offenses of the same type on other occasions ….  The new rules will supersede in sex offense cases the restrictive aspects of Federal Rule of

2

Evidence 404(b)." Id. citing 140 Cong. Rec. H8992 (daily ed. Aug. 21, 1994) (statement of Rep. Molinari). In other words, Rules 413 and 414 allow the United States to introduce the defendant's prior bad acts in sexual assault cases solely to prove propensity. Id at 770; see also United States v. Gabe, 237 F.3d 954, 959 (8th Cir. 2001) (stating that evidence demonstrating that a defendant committed a prior similar child molestation offense "may be considered for its bearing on any matter to which it is relevant, including propensity to commit such offenses") (internal quotations omitted); Strong, 826 F.3d at 1114.

Before a court may admit evidence under Rule 413/414, it must first determine whether the evidence has probative value because there exists a "strong legislative judgment that evidence of prior sexual offenses should **ordinarily be admissible**." Gabe, 237 F.3d at 959-60 (emphasis added) citing LeCompte, 131 F.3d at 769. A prior offense is probative if it has similarities to the charged offense concerning the age of the victims, the relationship between the victims and the defendant, and the sexual nature of the offense. See, e.g. LeCompte, 131 F.3d at 769; United States v. Eagle, 137 F.3d 1011, 1015-16 (8th Cir. 1998); Mound, 149 F.3d at 802; United States v. Withorn, 204 F.3d 790, 794 (8th Cir. 2000); Gabe, 237 F.3d at 960.

## Prejudice

All evidence which tends to prove defendant's guilt is prejudicial. See Gabe, 237 F.3d at 959-60; United States v. Yellow, 18 F.3d 1438, 1442 (8th Cir. 1994). Typically, the greater the probative value of such evidence, the greater the prejudice it will work against a defendant. The simple fact that evidence is highly prejudicial, however, is not a sufficient basis for excluding it under Rule 403.

The prejudice addressed in Rule 403 is not extreme prejudice, but rather "unfair prejudice, that is, an undue tendency to suggest decision on an improper basis." Gabe, 237 F.3d at 960. The tendency evidence of prior child molestation offered under Rules 413/414 to show a propensity to commit sexual abuse of children, although prejudicial, does not constitute "unfair prejudice." See LeCompte, 131 F.3d at 770; see also Mound, 149 F.3d at 799, 802; United States v. Bentley, 561 F.3d 803, 815 (8th Cir. 2009). Under Rule 414, there is nothing "improper" about taking account of a defendant's propensity for child molestation and possessing child pornography, as shown by his commission of other offenses against children, in assessing the likelihood that he committed the charged offense of child molestation. See Gabe, 237 F.3d at 960. Showing sexual propensity is a legitimate theory of relevance under Rule 413, even though it is automatically regarded as prejudicial under Rule 404(b). Congress has decided with the enactment of Rules 413/414 that evidence of a defendant's disposition to commit offenses of sexual assault and child molestation falls on the "probative value" side of the Rule 403 balance, and weighs in favor of admission. It is important to note that the Eighth Circuit, in allowing evidence involving a prior act of child molestation occurring 20 years prior, cited United States v. Meacham, 115 F.3d 1488 (10th Cir. 1997), a Tenth Circuit case which allowed propensity evidence from 25-30 years prior to Defendant's trial. See Gabe, 237 F.3d at 960.

Moreover, evidence offered under Rules 413/414 cannot properly be excluded based merely on a theoretical possibility of "unfair prejudice" that does not go beyond the natural prejudice caused by all use of propensity evidence in sex-offense cases. See Mound, 149 F.3d at 802; LeCompte, 131 F.3d at 770. The jury in the present case will not, of course, be given any latitude to convict defendant for his prior acts but rather will be instructed to

4

convict him only if the jury is convinced beyond a reasonable doubt that he sexually assaulted Prior Victim, "Sarah Doe".  See Mound, 149 F.3d at 801-02.  It must be presumed that the jury will follow the Court's instructions on this point, because "the crucial assumption underlying the system of trial by jury is that juries will follow the instructions given them by the trial judge."  Marshall v. Lonberger, 459 U.S. 422, 438 n.6 (1983) (citation and internal quotation marks omitted).

In this case, the prior acts all share significant similarities in the way Defendant sought out teenaged minors for the purposes of requesting and directing them to create sexually explicit images of themselves for his sexual desires.  There are additional similarities in the defendant's conduct of using the internet in coercing minors to meet in person with the intent that the minor engages in unlawful sexual activity.  All of the matters are highly relevant and probative and admissible under Rule 404(b) and 414.

## **CONCLUSION**

The United States requests that the Court allow the evidence at trial and further requests that the Court instruct the jury that such evidence is allowed to show propensity only and cannot be used by the jury to convict Defendant for the matters they are to decide.

Dated: November 20, 2025

                                        NICHOLAS W. CHASE
                                        United States Attorney

                      By:    */s/ Gary L. Delorme*
                             GARY L. DELORME
                             Assistant United States Attorney
                             ND Bar ID 05845
                             Suite 250, 1st Avenue N.
                             Fargo, ND  58502-0699
                             (701) 297-7441
                             Gary.delorme@usdoj.gov
                             Attorney for United States